IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2254-FL

| | | |
|---|---|---|
| BARRY COLLIER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | ORDER |
| J.C. HOLLAND, | ) ) ) | |
| Respondent. | ) | |

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

Petitioner is a federal inmate proceeding pro se. (Pet. (DE 1) at 1). He contends that he suffered a inguinal hernia while performing a prison work assignment. (Id. at p. 2, 7). Petitioner alleges that prison officials negligently delayed surgical intervention for this injury. (Id. at p. 3, 7). Finally, he asserts prison officials remain deliberately indifferent to this serious medical need. (Id. at p. 8). As relief, petitioner seeks his immediate release. (Id. at p. 9).

## COURT'S DISCUSSION

Although petitioner ostensibly seeks his release from incarceration, he is actually challenging the conditions of his confinement. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to the

Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* and/or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008); Winslow v. Samberg, 805 F.2d 394, at *2 (4th Cir. 1986) ("To determine whether a claim is cognizable as a habeas corpus action or under § 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether it is a challenge to the conditions of confinement."). Based upon the foregoing, petitioner may not proceed with any claims challenging his conditions of confinement pursuant to 28 U.S.C. § 2241.[1]

## CONCLUSION

In summary, the court DISMISSES petitioner's action without prejudice. The clerk of court is DIRECTED to close this case and to send petitioner the civil rights package

SO ORDERED, this the 2nd day of October, 2017.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The court has reviewed the petition and finds it inappropriate to convert petitioner's § 2241 petition into a civil rights action because the requirements of the Prison Litigation Reform Act apply to a civil rights action, but do not apply to § 2241 actions. See Smith v. Angelone, 111 F.3d 1126, 1129–31 (4th Cir. 1997); Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) (per curiam).